851 So.2d 358 (2003)
Elizabeth DARBY, Plaintiff-Appellant,
v.
BROOKSHIRE GROCERY COMPANY, d/b/a Super 1 Foods, Defendant-Appellee.
No. 37,460-CA.
Court of Appeal of Louisiana, Second Circuit.
July 30, 2003.
*359 Darren Giles, for Appellant.
Lunn, Irion, Salley, Carlisle & Gardner, by James A. Mijalis, Shreveport, for Appellee.
Before BROWN, STEWART & PEATROSS, JJ.
PEATROSS, J.
This appeal arises from a trial court judgment holding that Plaintiff, Elizabeth Darby ("Darby"), was 50 percent at fault in an injury she sustained at a Super 1 Foods Store and that Defendant, Brookshire Grocery Company ("Brookshire"), was also 50 percent at fault. The trial court awarded Darby her medical expenses and $12,500 in general damages. Darby now appeals the judgment of the trial court. Brookshire answered the appeal asserting that the trial court erred in finding that the condition of the premises created an unreasonable risk of harm under the circumstances. Alternatively, Brookshire asserts that the trial court's assessment of fault against Darby should be increased. For the reasons stated herein, we affirm.

FACTS
On June 28, 2000, Darby was injured at a Super 1 Foods Store in Shreveport, Louisiana. At the time of the incident, Darby was in the dairy section shopping for eggs at the rear aisle of the store. Darby was looking at the prices of the eggs when, *360 without looking, she took a step back and tripped over a green stocking cart which had been left unattended by one of the store employees. As Darby was falling, she grabbed her own grocery cart, which then turned over on top of her. Darby sustained injuries from her fall.
Subsequently, Darby filed a lawsuit against Brookshire. At trial, she testified that she did not see the stocking cart prior to her fall. It was established at trial that the stocking cart is approximately five feet long, three feet wide and stands about two feet off the floor. After Darby fell, employees of the store called emergency medical personnel who treated her for a cut to her leg. Darby was then transported to Willis-Knighton Medical Center. An examination and x-rays in the emergency room at Willis-Knighton revealed that Darby had a laceration to her left leg which required sutures. Darby was later released from Willis-Knighton and advised to follow up with her regular physician.
On July 3, 2000, Darby saw her regular physician, Dr. Jina Miller, who prescribed home health care for Darby to monitor her wound. Darby returned to see Dr. Miller on July 19, 2000, at which time the sutures were removed. Darby consulted Dr. Barron O'Neal, a local reconstructive surgeon, on July 31, 2000, regarding surgical scar revision to her leg. After examining Darby, Dr. O'Neal did not recommend surgical revision. On November 8, 2000, Darby saw Dr. Miller again and her laceration was noted to have healed without any residual complications. Darby, who is 87 years of age, testified that, following the accident, she was unable to drive and that her ability to work in her yard, as well as around her home, was diminished. As a result of the accident, Darby incurred the following medical expenses:

Dr. Barron O'Neal $ 100.00
Dr. Jina Miller 111.00
Willis-Knighton HospitalHealth One 1,191.00
City of Shreveport EMS 80.95
Medicare Lien 9,991.92

The trial judge found that the Brookshire employee failed to follow Brookshire safety procedures when he left the stocking cart in the aisle, that the cart created an unreasonable risk of harm to Darby that was reasonably foreseeable under the circumstances and that this risk of harm resulted in Darby's injuries. The trial judge further found that Darby's conduct contributed to the accident because she failed to observe the cart and probably was stepping back without looking at the time of her fall. The court, therefore, apportioned fault at 50 percent to Brookshire and 50 percent to Darby. Considering Darby's age, the nature of the injury and the duration and scope of her medical treatment, the trial judge concluded that an appropriate general damage award for Darby was $12,500. The trial judge also awarded Darby her medical expenses. Finally, after reducing Darby's total award, due to her comparative fault, the trial judge ordered judgment for her in the amount of $11,245.96. On appeal, Darby raises the following assignments of error (verbatim):
1. The trial court erred when it found fifty percent comparative negligence on the part of the plaintiff, Elizabeth Darby.
2. The trial court erred when it awarded $12,500.00 dollars for general damages.

DISCUSSION

Allocation of Fault
Darby asserts that the trial court erred by assessing too large a percentage of comparative fault to her and by awarding her insufficient general damages. The trial court's fault apportionment is a factual *361 determination that is subject to the manifest error standard of review. Williams v. City of Monroe, 27,065 (La. App.2d Cir.7/3/95), 658 So.2d 820, writ denied, 95-1998 (La.12/15/95), 664 So.2d 451, and 95-2017 (La.12/15/95), 664 So.2d 452. A court of appeal should not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through Dept. of Transp. & Development, 617 So.2d 880 (La.1993).
In Watson v. State Farm Fire and Casualty Ins. Co., 469 So.2d 967 (La.1985), the supreme court listed five factors which may influence the degree of fault assigned to each party: (1) whether the conduct resulted from inadvertence or involved an awareness of danger; (2) how great a risk the conduct created; (3) the significance of what the actors sought by the conduct; (4) the capacities of the actors, whether superior or inferior; and (5) any extenuating circumstances which might require the actors to proceed in haste, without proper forethought.
As previously noted, Darby argues on appeal that the trial court should have allocated a greater percentage of fault to Brookshire, while Brookshire argues that the court erred because there was no unreasonable risk of harm under the circumstances; and, alternatively, even if such an unreasonable risk of harm existed, the assessment of only 50 percent fault to Darby is an abuse of discretion. We disagree and find no manifest error in the trial court's apportionment of fault.
The stocking cart was an obstruction in the aisle of the store. It was left unattended by a utility clerk who was called to the front of the store to assist a customer. Although the handle of the cart did extend upward several feet, the bed of the cart itself was only inches above the floor. Store operators like Brookshire must anticipate that customers will not always be looking at the floor as they proceed with their shopping, but often will be looking at items on the shelf and, thus, may trip over obstructions in the aisle. Furthermore, some of these patrons will be elderly and may not have the best physical agility or visual acuity.
On the other hand, the stocking cart in this case was large, a different color from the white tile floor and was not hidden from view. The cart was only a few inches from where Darby stopped her grocery cart. The testimony at trial established that there was nothing whatsoever preventing Darby from seeing the cart as she approached the area. Darby herself testified that it was at the moment she stepped backwards when she tripped and fell. At a bare minimum, Darby bears partial responsibility for the accident since she did not look behind her before taking a step backwards and for not being at least somewhat aware of her surroundings. Under these circumstances, both Brookshire and Darby must share fault for the accident. The trial court's allocation of equal fault between Brookshire and Darby was not an abuse of its discretion. This assignment of error is without merit.

Damages
Darby asserts that the trial court's award of $12,500 in general damages was an abuse of discretion. Again we disagree. In the assessment of damages in cases of offenses, quasi offenses and quasi contracts, much discretion must be left to the judge or jury. La. C.C. art. 2324.1. An appellate court should rarely disturb an award of general damages because of the vast discretion granted the trial court. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Morris v. Flores, 36,932, 36,933 (La.App.2d Cir.3/7/03), 840 *362 So.2d 1257. Only when the record clearly shows that the trial court abused its discretion in awarding damages in either direction beyond that which a reasonable trier of fact would assess for the effects of a particular injury on a particular party under the particular circumstances, should an appellate court either increase or decrease the award. Id.
The record indicates that Darby's laceration healed without any residual complications. Moreover, when determining the general damage award, the trial court considered not only the duration and scope of Darby's medical treatment, but also the fact that she was 87 years old. Darby sustained no other injuries other than the laceration to her leg. The $12,500 general damage award, under these circumstances, does not strike us as abusively low. Instead, we conclude that the award was within the trial court's discretion. This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court in favor of Plaintiff, Elizabeth Darby, is affirmed. Costs of this appeal shall be divided equally between Elizabeth Darby and Brookshire Grocery Company.
AFFIRMED.